Locke, J.
This matter comes before the Court on Plaintiff Adam Ackermann’s (“Ackermann”) second motion for a preliminary injunction against Defendant President and Trustees of the College of the Holy Cross (“Holy Cross”). By complaint filed in March 2002, Ackermann, a junior at Holy Cross, challenged a disciplinary decision by the college that, inter alia, suspended him for 12 months. After hearing on Ackermann’s request for a injunctive relief, the Court (Fishman, J.) issued a decision ordering that the plaintiff be reinstated, based on a finding that the defendant failed to afford Ackermann a hearing before the Community Standards Board as required by the Holy Cross Student Handbook [16 Mass. L. Rptr. 108].
Following the issuance of the injunction on April 2, 2003, Holy Cross officials notified the plaintiff of its intention to convene a Community Standards Board hearing on April 15, 2003. The hearing was conducted on that date, commencing at approximately 5:00 p.m. and continuing until approximately 3:00 a.m. on April 16, 2003. After deliberation, the CSB recommended that Ackermann be suspended through the end of December 2003, attend certain sensitivity training workshops prior to readmission, avoid contact with other parties to the board hearing, be placed on probation following his return, and be banned from playing football upon his return. The Board’s recommendations were accepted by the Vice President of Student Affairs and promptly imposed.
The instant motion for injunctive relief challenges the defendants’ conduct in convening the Board and the manner in which the hearing was conducted. The plaintiff contends that the defendants violated his *369 rights as established in the 2002-03 Student Handbook (entitled, “Community Standards and Judicial Procedures for Students”). As a result, the board hearing on April 15, 2003 was a formality leading to a pre-ordained decision.
The parties appeared on May 23,2003 for argument on the second motion for a preliminary injunction. Each side submitted extensive briefs together with attachments and affidavits. After review in light of the well established standards for injunctive relief, GTE Products Corp. v. Stewart, 414 Mass. 721 (1993); Packaging Indus. Group, Inc. v. Cheney, 380 Mass 609, 616-17 (1980), the Court concluded that both parties have demonstrated a risk of irreparable harm. For the plaintiff, the loss of all privileges as a student at the college, coupled with substantial damage to his name and reputation would create irretrievable losses if injunctive relief were not awarded and he subsequently prevailed on the merits of his claims. The college has an equally compelling interest in sustaining the integrity of its disciplinary code and its judicial process that would be adversely affected if the plaintiff were allowed full access to the college during the pendency of this litigation. In my view, the balance of competing harms requires a factual determination of the merits of plaintiffs claims. Given the competing affidavits and facts presented to date the Court cannot say that either side has established a clear likelihood of success on the merits, sufficient to tip the scale in their favor.
Injunctive relief is not required where, in lieu of such relief, the Court can provide for a final determination on the merits of the case. An expedited trial mitigates the claims of irreparable harm and provides the relief sought, if appropriate, in a reasonable period of time. Both parties agreed that they could be prepared to try the case, as it relates to the plaintiffs claims of breach of contract, violation of fiduciaiy obligations, and arbitrary and capricious actions by the defendant, on June 16, 2003. Consequently, with one exception stated below, plaintiffs second motion for preliminary injunction is DENIED, except that the defendant is ORDERED to forthwith make such arrangements as are reasonable to permit the plaintiff to complete and fulfill his academic course requirements for the Spring 2003 term, provided such arrangements do not require the plaintiff to enter onto the college grounds.
Therefore, on consideration of the motion and after hearing, the Court enters the following ORDERS:
1. Trial on Plaintiffs claims in contract, shall commence at 9:00 a.m. on June 16, 2003 in the “C” Session of Worcester Superior Court;
2. Counsel shall cooperate in expedited discovery limited to those claims in contract in such fashion as is necessary to be prepared for trial on June 16,2003;
3. Pending resolution of trial, the defendant college shall forthwith make such arrangements as are reasonable to permit the plaintiff to complete and fulfill his academic course requirements for the Spring 2003 term, provided such arrangements do not require the plaintiff to enter onto the college grounds.
4. Plaintiffs further requests for injunctive relief are denied.